## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARY UTHSCSA-PM DOE** | § | |
|     **Plaintiff** | § | |
| | § | |
| **vs.** | § | |
| | § | **C.A. No. _____** |
| **THE UNIVERSITY OF TEXAS** | § | |
| **HEALTH SCIENCE CENTER** | § | |
| **AT SAN ANTONIO** and | § | |
| **MARCEL NOUJEIM** | § | |
|     **Defendants** | § | |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff "**MARY UTHSCSA-PM DOE**" to file her "Plaintiff's Original Complaint" as follows:

### PREAMBLE

### *GRADUATE STUDENT SEXUALLY HARASSED AND TOSSED ASIDE*

*Plaintiff Mary was a student at The University of Texas Health Science Center at San Antonio seeking a post graduate Masters of Science graduate degree. With full knowledge and intent, UTHSCSA has allowed Mary to be sexually harassed and discriminated against because of her gender, ethnicity, religious background, and disabilities. For no reasons other than prejudice, malice, an abusive and reckless disregard of its students, Plaintiff Mary has been targeted, unfairly treated, and denied educational opportunities otherwise deserved. This a suit for damages and equitable relief stemming from the illegal actions of Defendants taken against Plaintiff Mary.*

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2019.04.30A

## A.  <u>NATURE OF THE SUIT</u>

1.      Plaintiff Mary (defined hereafter) is a female from Iran, of Persian and Islamic heritage, with a strong medical background including a degree and license in Dentistry before enrolling at Defendant UTHSCSA (defined hereafter). Rather than allowing Plaintiff Mary to properly pursue her Master's degree at Defendant UTHSCSA, Defendant UTHSCSA has allowed Defendant Noujeim (defined hereafter) to sexually harass and assault, intimidate, and discriminate against Plaintiff Mary entirely because of her gender, ethnicity, and religious background resulting in Mary being cast-out from her programs. Plaintiff Mary has been left with no choice to file this Complaint for damages and equitable relief.

2.      Plaintiff Mary now files this original action for damages and equitable relief pursuant to:

> (a)    Title IX of the Education Amendments of 1972), 20 U.S.C. § 1681 et. seq.; and
>
> (b)    Section 504 of the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978, 29 U.S.C. § 794;
>
> (c)    Title II of the Americans with Disabilities Act, 42 U.S.C.A. §§ 12131–50 (2011);

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.30A

(d)     42 U.S.C. § 1983 with regards to:

     (i)     Defendants' violations of the laws of the United States; and

     (ii)    Defendants' denial (under the color of law) of Plaintiff Mary's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution;

     (iii)   Defendants' denial (under the color of law) of Plaintiff Mary's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution;

(e)     Defendant's actions in violations of provisions of the Texas Constitution; and

(f)     Defendant UTHSCSA's breach of the Educational Contract (defined hereafter).

## B.   **PARTIES**

3.     Plaintiff "**MARY UTHSCSA-PM DOE**" ("Mary") is an individual residing in the State of Texas.  Because of the privacy issues involved in this matter and the real and eminent threat of further retaliation by Defendants, Mary is hereby exercising her rights to proceed with this matter anonymously.

4.     The need to protect the identity of Plaintiff Mary does not hinder the defense of this matter by Defendants, for the facts are well known to the Defendants. When applying the applicable tests (created by jurisprudence applicable to this Court)

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.30A

to balance the needed protection of privacy versus any inconvenience to the Defendants, the protection of Mary's privacy prevails.

5.      At such time as the Court might agree on procedures designed (a) to protect the privacy of Plaintiff Mary, and (b) to protect Plaintiff Mary from further retaliation, Mary's identity shall be disclosed to Defendants.

6.      Defendant **THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT SAN ANTONIO** ("UTHSCSA") is a public university owned by, and operating in, the State of Texas that receives grants and other funding from the United States and may be served with summons by serving its President as follows:

**The University of Texas Health Science Center at San Antonio**
**c/o William L. Henrich M.D., President**
**7703 Floyd Curl Drive**
**San Antonio, Texas 78229-3900**

7.      Defendant **MARCEL NOUJEIM** ("Noujeim") is an individual residing in the State of Texas, is employed by Defendant UTHSCSA, and may be served with summons by serving Noujeim at his current place of employment, as follows:

**MARCEL NOUJEIM**
**The University of Texas Health Science Center at San  Antonio**
**7703 Floyd Curl Drive**
**San Antonio, Texas 78229-3900**

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.30A

## C.  <u>JURISDICTION and VENUE</u>

8.      The jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under 20 U.S.C. § 1681 et. seq. (Title IX of the Education Amendments of 1972) ("Title IX"); Section 504 of the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978, 29 U.S.C. § 794 ("Section 504"); Title II of the Americans with Disabilities Act (ADA), 42 U.S.C.A. §§ 12131–50 (2011) ("ADA"); and  Section 1983 of Title 42 of U.S.C. ("Section 1983").

9.      This Court may further exercise supplemental jurisdiction over Plaintiffs' claims arising under Texas law pursuant to 28 U.S.C. § 1367.

10.      Venue is proper in the Western District of Texas (San Antonio Division) because Defendant UTHSCSA operates its schools in, and from, San Antonio, Bexar County, Texas (which is within the Western District of Texas), and the underlying events took place in San Antonio, Bexar County, Texas, which is within the Western District of Texas. Further, Defendant Noujeim is employed by Defendant UTHSCSA; does business in San Antonio, Bexar County, Texas, which is within the Western District of Texas, and has taken the unconscionable actions described below in San Antonio, Bexar County, Texas, which is within the Western District of Texas.

## D. <u>FACTUAL ALLEGATIONS</u>

### *Who is Plaintiff Mary?*

11.    Plaintiff Mary is an Iranian female of Persian and Islamic heritage, with a strong medical background.

12.    Plaintiff Mary initially obtained her Dentistry license from Iran.

13.    Plaintiff Mary made an academic sojourn to the United States of America to further expand her repertoire of Dentistry and strengthen her Dentistry prowess.

14.    With an eye towards this ultimate goal, Mary was admitted to Defendant UTHSCSA's Oral and Maxillofacial Radiology Program ("OMRP") in the Fall of 2017.

15.    Of all the universities in the United States, Plaintiff Mary chose to enroll in Defendant UTHSCSA's graduate program.

16.    Had Defendant UTHSCSA not allowed the continual and known sexual harassment and assaults of Plaintiff Mary by Defendant Noujeim, and, had Defendant UTHSCSA not violated Plaintiff Mary's civil rights and intentionally done everything possible to stop Plaintiff Mary, Mary would soon be graduating from Defendant UTHSCSA with her Master's Degree.

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.30A

17.    Further, Plaintiff suffers from certain "Disabilities" recognized by the laws of the United States, yet Defendant UTHSCSA has offered Mary no assistance or accommodations

18.    Instead, Defendant UTHSCSA has cast Plaintiff Mary aside as if Mary is nothing but a piece of garbage, through probations, the denial of admittance to other programs within Defendant UTHSCSA, and the continued difficulty in allowing Mary to timely take her Board Exams (defined hereafter).

### Defendants' Actions towards Mary.

19.    Plaintiff Mary's sexual victimization by Defendant Noujeim began in 2017 and has continued non-stop since then.

20.    As described further hereafter, after Plaintiff Mary rebuffed  Defendant Noujeim's sexual advances and after filing formal grievances and complaints against Defendant Noujeim, Noujeim (through his words and actions) has spearheaded a *smear campaign* against Plaintiff Mary, that become so pervasive, faculty at Defendant UTHSCSA concluded that Plaintiff Mary should be placed on academic probation.

21.    Defendant Noujeim is a male and, upon information and belief, is Lebanese with a Christian heritage.

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.30A

22.     As shown through Noujeim's actions, Noujeim has absolutely no respect for a woman from Iran, of Persian and Islamic heritage.

23.     The sexual harassment of Plaintiff Jane that Defendant Noujeim began in the Fall of 2017 continues to this day and has academically harmed Mary and destroyed Mary's academic opportunities and advancement, perhaps eliminating Mary's opportunity to become a licensed doctor in Dentistry in the United States.

24.     Defendant UTHSCSA has not only turned a blind eye to Defendant's Noujeim's sexual and retaliatory harassment targeted against Plaintiff Mary, thereby condoning and assimilating the actions of Noujeim, but Defendant UTHSCSA has adopted Noujeim's prejudices towards Mary resulting in Mary being cast-out.

25.     Examples of the sexual harassment, retaliation, and discrimination suffered by Plaintiff Mary at the hands, literally, of Defendant Noujeim include but are in no manner limited to the following:

      (a)     physical assault against Plaintiff Mary, including but not limited to Defendant Noujeim grabbing Mary and forcibly placing her in a chair;

      (b)     unlawful restraint, locking Plaintiff Mary inside an office and refusing to allow her to leave;

      (c)     the stalking of Plaintiff Mary, including but not limited to endless inappropriate emails, text messages and telephone calls;

8

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.30A

(d)     racial insults directed to Plaintiff Mary by Defendant
        Noujeim, including but not being limited to negative
        comments about Plaintiff's race and national origin;

(e)     unprofessional text messages to Plaintiff Mary
        requesting personal photographs, inappropriate text
        messages and emails containing music with graphic
        lyrics of a sexual nature;

(f)     unprofessional and inappropriate telephone calls to
        Plaintiff Mary expressing his "love" for Mary;

(g)     unwanted and inappropriate physical touching;

(g)     inappropriate and unprofessional comments about
        Mary's physical appearance, and being told by
        Defendant Noujeim "protects" another female student
        because Noujeim is "sleeping with her;"

(h)     verbal abuse of Plaintiff Mary, including but not limited
        to telling Mary "you are nothing," constantly insisting
        that Mary resign from the graduate program, and telling
        Mary that her residency would be made a "living hell"
        if Mary elected to continue—which Noujeim succeeded
        to accomplish;

(i)     the continued (and ultimately successful) threats of
        termination of Plaintiff Mary from the graduate
        program;

(j)     the manipulation of work scheduling to harass Plaintiff
        Mary;

(k)     other intimidating communication tactics directed
        towards Plaintiff Mary;

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.30A

(l)     in retaliation for Noujeim's sexual approaches to Plaintiff Mary being rebuffed, Noujeim began continuous efforts to harass, embarrass, and defame Plaintiff Mary with the hope that Mary would leave Defendant UTHSCSA;

(m)    engaged in indiscriminate and abusive power plays by threatening Plaintiff Mary with academic dismissal and academic probation, then furthering the threat by stating that Mary would then remain on academic probation;

(n)    made false allegations against Plaintiff Mary;

(o)    became increasingly verbally abused Plaintiff Mary;

(p)    engaged in blatant acts of favoritism towards particular students to the detriment of Plaintiff Mary;

(q)    enlisted the assistance of Noujeim's "Favorite Student" to spread lies among Plaintiff Mary's colleagues and other faculty members;

(r)     took steps to purposely isolate Mary from certain co-residents;

(s)     often used disparaging and demeaning comments towards Plaintiff Mary;

(t)     displayed a lack of civility when communicating with Plaintiff Mary including instances of shouting, displays of temper, and the use of belittling and humiliation language;

(u)    violated Plaintiff Mary's student privacy rules by sharing Mary's academic performance and grades with students in the department;

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.30A

(v)     would inappropriately comment on Mary's physical appearance;

(w)     continues to spread lies about Plaintiff Mary to her colleagues, professors, and other students attending Defendant UTHSCSA;

(x)     continues to spread lies about Plaintiff Mary among Mary's professional colleagues in professional medical programs outside of Defendant UTHSCSA;

(y)     falsified documents for use against Mary with other educators at Defendant UTHSCSA;

(z)     communicated with Mary's professional colleagues in professional medical programs outside of Defendant UTHSCSA, stating that Mary was a low quality resident;

(aa)    In direct contravention of the OMRP and Defendant UTHSCSA's policies, Defendant Noujeim secretly and retroactively changed Plaintiff Jane grades to back up Noujeim's plan to kick Plaintiff Jane out of the OMRP program;

(bb)    Compared Mary to an Iranian woman shown on You-Tube shooting people; and

(cc)    In a letter to Mary's dean, described Mary as erratic and unpredictable.

For the purposes hereof, the foregoing actions shall collectively be referred to hereafter as "Noujeim's Harassment."

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.30A

26.    On a departmental level, Noujeim's Harassment against Plaintiff Mary continues.

27.    Noujeim's Harassment of Plaintiff Mary was executed in a manner that contravenes Defendant  UTHSCSA policies in violation of the university catalog that governed Mary's admission to Defendant UTHSCSA ("Educational Contract").

28.    In trying to contain Noujeim's Harassment, Plaintiff Mary approached faculty at various levels, collectively referred to as hereafter as the "Upper Echelon."

29.    Plaintiff Mary filed numerous grievances and appeals with the Upper Echelon to address Noujeim's Harassment.

30.    Unfortunately, Plaintiff Mary's experiences with the Upper Echelon were also been unsatisfactory.

31.    False accusations, rejected claims of discrimination, and the imposition of arbitrary sanctions is how the Upper Echelon has dealt with Plaintiff Mary.  For the purposes hereof, the foregoing actions of the Upper Echelon shall collectively be referred to hereafter as "Lies and Penalties."

### *Harm to Mary.*

32.    Because of Noujeim's Harassment and the Lies and Penalties, Plaintiff Mary's academic and profession life is in ruins.

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.30A

33.     As a result of Noujeim's Harassment and the Lies and Penalties, Plaintiff Mary was denied the right to proceed timely with the "Board Exams" independently administered by the American Board of Oral and Maxillofacial Radiology.

34.     Plaintiff Mary's inability to timely take the Board Exams has greatly delayed and put at risk. Mary's entry into the field of dentistry in the United States.

35.     For the purposes of this matter, Noujeim's Harassment, the Lies and Penalties, the retaliation for Plaintiff Mary speaking openly as to the failures of Defendants, the actions of the Upper Echelon, the violations of the Educational Contract applicable to Mary, the inability to take the Board Exams; and the refusal to acknowledge Mary's Disabilities shall be collectively referred to hereafter as the "Civil Rights Violations" as to Mary.

36.     Plaintiff Mary has suffered severe physical injuries as well as emotional, and economic harm as a result of the Civil Rights Violations committed by Defendants and shall suffer future physical, emotional, and economic harm.

37.     The Civil Rights Violations committed by Defendants as to Plaintiff Mary were unconscionable, intentional, and made in bad faith with full knowledge that the damage to Plaintiff Mary would follow Mary for the rest of her life, and represent actions of complete and deliberate indifference to Mary and the Civil Rights Violations.

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.30A

38.    The Civil Rights Violations committed by Defendants against Plaintiff Mary constitute disparate treatment based on Mary's gender, ethnicity, and religion.

### *Defendants' Action Under the Color of State Law.*

39.    The administrators participating in the Civil Right Violations committed against Plaintiff Mary are the applicable policy makers of Defendant UTHSCSA, or, were individuals assigned by such policymakers, and were implementing the policies and customs of Defendant UTHSCSA when committing the Civil Rights Violations against Plaintiff Mary.

40.    Further, if such policies are not, in fact written, each of the administrators participating in the Civil Rights Violations (as applicable policymakers, or, as individuals assigned by such policymakers) were implementing the policies and customs of Defendant UTHSCSA in accord with the customs and practices of Defendant UTHSCSA.

41.    Notwithstanding that the Civil Right Violations committed against Plaintiff Mary began with Defendant Noujeim, such Violations were subsequently adopted and ratified by Defendant UTHSCSA.

### *Administrative Remedies.*

42.    There are no administrative remedy preconditions ("Preconditions") required prior to seeking relief under the laws being invoked herein by Plaintiff Mary.

14

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.30A

Even if such Preconditions did exist, the actions of Defendants have shown that such efforts would be utterly futile.

43.    As a result of the Civil Rights Violations targeted at Plaintiff Mary by Defendants, Plaintiff Mary was forced to engage an attorney and pursue this action to redress such wrongs.

44.    All conditions precedent to Plaintiff Mary bringing these claims have been met.

## E.  PLAINTIFF'S CAUSE OF ACTION

45.    Plaintiff Mary incorporates by reference the facts set forth in Article D: FACTUAL ALLEGATIONS hereof.

## COUNT ONE: TITLE IX

46.    As a university owned and operated by the State of Texas that receives grants and other funding from the United States, Defendant UTHSCSA falls under the jurisdiction and requirements of Title IX.

47.    The gender and ethnicity nature of the Civil Rights Violations committed by Defendants towards Plaintiff Mary are so severe, pervasive, and objectively offensive that Plaintiff Mary was deprived access to educational opportunities or benefits provided by Defendant UTHSCSA, such denial being in violation of Title IX.

15

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.30A

48.     Defendants and its officials had actual knowledge of the referenced Title IX violations committed against Plaintiff Mary.

49.     Defendants failed to take immediate, effective remedial steps to resolve the referenced Title IX violations committed against Plaintiff Mary.

50.     Rather, Defendants acted with deliberate indifference toward Plaintiff Mary.

51.     Defendants persisted in their actions and inaction even after Defendants had actual knowledge of the harm being suffered by Plaintiff Mary.

52.     Defendants engaged in a pattern and practice of behavior designed to discourage and dissuade other students (who were also threatened with, and subjected to, similar Title IX violations) from seeking protection from, and prosecution of, Title IX violations.

53.     Plaintiff Mary has suffered economic, emotional distress, and psychological damage to Mary's character, prestige, standing in Mary's community as well as a loss of benefits and opportunities as a direct and proximate result of Defendants' deliberate indifference to Plaintiff Mary's rights under Title IX.

54.     The Civil Rights Violations committed by Defendants towards Plaintiff Mary were intentional discrimination based on Plaintiff Mary's gender and ethnicity, in violation of Title IX.

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.30A

55.    As a result of the foregoing, Plaintiff Mary hereby seeks recovery of all actual and consequential damages available to her in accordance with Title IX.

## COUNT TWO: SECTION 504 VIOLATIONS

56.    As a university owned and operated by the State of Texas that receives grants and other funding from the United States, Defendant UTHSCSA falls under the jurisdiction and requirements of Section 504.

57.    As mandated by Section 504, Defendant UTHSCSA is prohibited from discriminating against students having been diagnosed with various disabilities.

58.    Plaintiff Mary's Disabilities qualify as disabilities covered by Section 504, and Defendant UTHSCSA's Civil Rights Violations against Mary are direct violations of Section 504,

59.    Defendant UTHSCSA's Civil Rights Violations against Plaintiff Mary in violation of Section 504 have caused Plaintiff Mary to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Mary now sues in accord with Section 504.

60.    Defendant UTHSCSA's Civil Rights Violations against Plaintiff Mary in violation of Section 504 have caused Plaintiff Mary to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and

**PLAINTIFF'S ORIGINAL COMPLAINT**

future compensatory damages, for which Plaintiff Mary now sues in accord with Section 504.

## COUNT THREE: ADA VIOLATIONS

61.     As a university owned and operated by the State of Texas that receives grants and other funding from the United States, Defendant UTHSCSA falls under the jurisdiction and requirements of the ADA.

62.     As mandated by the ADA, Defendant UTHSCSA is prohibited from discriminating against students having been diagnosed with various disabilities.

63.     Plaintiff Mary's Disabilities qualify as disabilities covered by the ADA, and Defendant UTHSCSA's Civil Rights Violations against Mary are direct violations of Section 504.

64.     Defendant UTHSCSA's Civil Rights Violations against Plaintiff Mary in violation of the ADA have caused Plaintiff Mary to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Mary now sues in accord with the ADA.

65.     Defendant UTHSCSA's Civil Rights Violations against Plaintiff Mary in violation of the ADA have caused Plaintiff Mary to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Mary now sues in accord with the ADA.

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.30A

## COUNT FOUR: SECTION 1983

66.     Section 1983 of Title 42 of the United States Code provides, in part,:

> "Every person who under color of any statute, ordinance,
> regulation, custom, or usage, of any State…subjects, or
> causes to be subjected, and citizen of the United States…to
> the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the
> part injured in an action at law, suit in equity, or other
> proper proceeding for redress…"

67.     Defendants were all state actors acting under the color of state law while

committing Civil Rights Violations of Plaintiff Mary and resulted in the violation of

Plaintiff Mary's rights under:

     a.     Title IX;

     b.     Section 504;

     c.     the ADA;

     d.     the procedural due process requirements of the United
States Constitution as set forth in the Fourteenth
Amendment, in violation of Mary's Property Rights;

     e.     the substantive due process requirements of the United
States Constitution set forth in the Fourteenth Amendment
in violation of Mary's Property Rights; and

     f.     the equal protection requirements of the United States
Constitution set forth in the Fourteenth Amendment in
violation of Mary's Property Rights.

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.30A

68.     Under the First Amendment to the Constitution of the United States, Plaintiff Mary has the right to express, both verbally and in writing, her dissatisfaction with (a) Defendant UTHSCSA, a public university receiving funding from the United States, and (b) Defendant Noujeim, an employee of Defendant UTHSCSA.

69.     Under the Fourteenth Amendment to the Constitution of the United States, Plaintiff Mary has the right, as a student attending a publicly funded graduate school, to be free from the Civil Rights Violations committed by Defendants.

70.     Because of the Civil Rights Violations committed by Defendants, Plaintiff Mary has been denied her guaranteed free speech, equal protection, procedural due process, and substantive due process rights as set forth in the First and Fourteenth Amendments. As a result of such violations, Defendants have violated Mary's right under 42 U.S.C. § 1983 (hereafter, "Section 1983 Violations").

71.     Defendants further subjected Plaintiff Mary to Section 1983 Violations by condoning, failing to investigate, and failing to adequately train and supervise against the commission of the Civil Rights Violations committed against Plaintiff Mary.

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.30A

72.    Defendants have followed the foregoing customs and policies, resulting in the Section 1983 Violations, not only with regard to Plaintiff Mary but also as to other students of Defendants.

73.    Plaintiff Mary has suffered economic, emotional distress, and psychological damage to Mary's  character, prestige, standing in Mary's community as well as a loss of benefits and opportunities as a direct and proximate result of Defendants' Section 1983 Violations as to Plaintiff Mary.

74.    Plaintiff Mary has suffered economic, emotional distress, and psychological damage to Mary's  character, prestige, standing in her  community as well as a loss of benefits and opportunities as a direct and proximate result of Defendants' deliberate indifference of Defendants' Section 1983 Violations as to Plaintiff Mary.

75.    As a result of the foregoing, Plaintiff Mary hereby seeks recovery of all actual and consequential damages available to her in accordance with Section 1983.

## COUNT FIVE: BREACH OF CONTRACT

76.    The Civil Rights Violations committed by Defendants against Plaintiff Mary included breaches of the Educational Contract by Defendant UTHSCSA.

77.    Plaintiff Mary has suffered economic damage as a direct and proximate result of Defendant UTHSCSA's breach of the Educational Contract.

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.30A

78.    As a result of the foregoing, Plaintiff Mary hereby seeks recovery of all actual and consequential damages available to her arising from such breach.

## **COUNT SIX: VIOLATIONS OF THE TEXAS CONSTITUTION**

79.    As a university owned and operated by the State of Texas, Defendant UTHSCSA's action are also subject to scrutiny of protections created by the Texas Constitution.

80.    The Civil Right Violations committed by Defendant UTHSCSA against Plaintiff Mary were committed under the color of law and resulted in the violation of Plaintiff Mary's rights under the Constitution of the State of Texas.

81.    Specifically, the Civil Rights Violations committed by Defendants towards Mary were committed under the color of law and resulted in the violation of Plaintiff Mary's rights under:

> (a)    the procedural due process requirements of the Texas Constitution found in Article 1, Section 19;
>
> (b)    the substantive due process requirements of the Texas Constitution found in Article 1, Section 19;
>
> (c)    the equal protection requirements of the Texas Constitution found in Article I, Section 3;
>
> (d)    the freedom of speech protections of the Texas Constitution found in Article I, Section 8; and

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.30A

(e)     the Equal Rights Amendment to of the Texas Constitution found in Article 1, Section 3a.

Hereafter, the foregoing shall be collectively referred to as "Violations of the Texas Constitution."

82.     The Violations of the Texas Constitution committed by Defendant UTHSCSA as to Plaintiff Mary have caused Plaintiff Mary to suffer a loss of benefits and created economic losses.

83.      The Violations of the Texas Constitution committed by Defendant UTHSCSA as to Plaintiff Mary  have caused Plaintiff Mary to suffer mental and emotional distress and damages.

84.     Although Plaintiff Mary, as a private party living in the State of Texas, has no standing to seek monetary damages for the  Violations of the Texas Constitution committed by Defendant UTHSCSA as to Plaintiff Mary, Plaintiff Mary does seek the equitable relief to which Plaintiff Mary is entitled by Texas jurisprudence, including but not being limited to:

(a)     the immediate termination of Defendant Noujeim;

(b)     Defendant UTHSCSA taking all immediate steps necessary to restore the reputation of Mary among her colleagues and professionals within the OMRP program and around the United States;

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.30A

(c)     Defendant UTHSCSA taking all immediate steps necessary to remove all levels of probation as to Mary;

(d)     Defendant UTHSCSA taking all immediate steps necessary to allow Mary to without delay take the Board Exams;

(f)     requiring Defendant UTHSCSA to strike (from the records of Defendant UTHSCSA) all negative information, emails, evaluations, and materials as to Plaintiff Mary.

## COUNT SEVEN: PUNITIVE DAMAGES

85.     The Civil Rights Violations committed by Defendants against Plaintiff Mary in violation of Section 1983 were unconscionable, intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff Mary's federally protected rights, thereby entitling Plaintiff Mary to punitive damages pursuant to Section 1983, for which Plaintiff Mary now seeks in an amount of $5,000,000.00.

## COUNT EIGHT: ATTORNEYS' FEES

86.     Plaintiff Mary should be awarded her reasonable and necessary attorneys' fees incurred in relation to the foregoing as allowed by applicable law.

## COUNT NINE: PRE and POST JUDGMENT INTEREST

87.     Plaintiff Mary also requests pre and post judgment interest as may be allowed by applicable law.

24

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.30A

## F.  <u>REQUEST FOR JURY</u>

88.    Plaintiff Mary hereby requests that a jury be empaneled, and, that the foregoing causes of actions and requests for relief be presented to such jury for resolution, with the tender hereby of such jury as may be necessary.

## G.  <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Mary prays that: summons be issued upon Defendants; upon final trial hereof, that judgment be entered in favor of Plaintiff Mary for the actual, consequential, and exemplary damages set forth herein including pre and post judgment interest; that Plaintiff Mary be granted the equitable relief requested; that Plaintiff Mary be reimbursed her reasonable and necessary attorneys' fees required to bring this matter; that all costs of Court be taxed against Defendants; and that Plaintiff Mary have such further and other relief, general and special, both at law or in equity, to which she may show herself to be justly entitled.

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.30A

Respectfully submitted,

Gorman Law Firm, pllc

By:_____
       Terry P Gorman, Esq.
       Texas Bar No. 08218200
       tgorman@school-law.co
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: (512) 980-4556 (direct)
Telecopier: (512) 597-1455
**ATTORNEYS FOR PLAINTIFF
MARY UTHSCSA-PM DOE**

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2019.04.30A